## Commonwealth *v.* Albano, Appellant.

Argued April 9, 1951. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Herbert L. Winkler*, with him *Donald A. Lewis*, for appellants.

No appearance was made nor brief submitted for appellee.

OPINION BY GUNTHER, J., July 19, 1951:

Michael Albano and Ruth Warburton appeal from an order of the court below sustaining their convictions by a Justice of the Peace of violating the Act of July 2, 1935, P.L. 599, §2, 4 PS §60, prohibiting motion picture exhibitions on Sundays.

On Sunday, October 22, 1950, a partnership consisting of Joseph, Isreal, Irving and Jerome Engel, operated the Family Drive-in Theater in Scott Township, Columbia County. Scott Township has not voted to legalize the exhibition of motion pictures within the Township so that under the Act of 1935, supra, it is illegal to exhibit motion pictures on Sundays. On that date, Ruth Warburton and Michael Albano, appellants, were employed by the partnership as cashier and projectionist respectively. They were charged and found guilty before a Justice of the Peace of violating the

Act of 1935, supra, and sentenced to pay a fine of $50. and costs. An appeal was allowed by the court of quarter sessions and after hearing upon an agreed statement of facts the court below confirmed the sentence as to each of the appellants. Joseph Engel, one of the copartners, was also found guilty and paid the fine of $50. and costs. No appeal was taken from this conviction.

The Act of 1935, supra, so far as here pertinent, reads: "It shall be unlawful for any *person*, copartnership, association or corporation to *conduct, stage, manage, operate or engage in* any motion picture exhibitions, regardless of whether a charge of admission thereto or incidental thereto is made or whether labor or business is necessary to conduct, stage, manage or operate the same, on the first day of the week, commonly called Sunday, after the hour of two o'clock postmeridian, unless the voters of the municipality have first voted in favor of motion picture exhibitions and sound motion picture exhibitions on Sunday as hereinafter provided, and in no case shall a person be employed as a projectionist or operator of motion pictures on Sunday or in or about motion picture exhibitions, unless he or she shall have had twenty-four consecutive hours of rest during the preceding six week days." (Italics Supplied)

Appellants contend that the words ". . .person, copartnership, association, or corporation. . ." which precede the words ". . .to conduct, stage, manage, opperate or engage in. . ." clearly manifest a legislative intent to restrict the applicability of the statute to those occupying a proprietary or managerial relationship to the exhibition, and were not intended to embrace within their meaning those persons who were merely employees of the proprietors or managers.

The Act of 1935, supra, was enacted to prohibit motion picture exhibitions on Sundays in all municipali-

ties except those which, upon a referendum, voted "in favor of motion picture exhibitions and sound motion picture exhibitions on Sunday. . . ." Appellants in their brief concede that the word "person" is broad enough to include the word "employee" and indeed we think the conclusion is inescapable that the word "person" was so intended by the legislature. Added weight is given this conclusion when the penal section of the Act is analyzed. The provisions of the penal section, so far as here pertinent, read *"Any person . . .* violating any of the provisions of this section shall, upon conviction thereof in a summary proceedings, be sentenced to pay a fine of fifty dollars ($50.00) and in default of the payment of such fine and costs of prosecution, such *person* or any . . . *agent* of any copartnership . . . or *agent* of any corporation, responsible for such violation, shall be imprisoned for a period of not more than ten (10) days".

The very use of the words "person" and "agent" indicates clearly and without doubt that the legislature had in mind all persons who in some manner participated, aided or did any act in aid thereof in presenting a motion picture exhibition on Sunday and this, whether engaged in a proprietary or managerial capacity, or in merely ministerial duties as agents or employees. Cf. *Oliver v. State,* 65 Tex. Cr. 150, 144 S.W. 604. We are all agreed that appellants' suggested construction of the Act of 1935, supra, is a strained and unrealistic one in light of the obvious intent and purpose of the Act.

Appellants also complain that their duties as cashier and projectionist respectively were not such as to constitute "engaging in" a motion picture exhibition within the purview of the Act of 1935, supra. The words "engage in" have been construed in a great variety of cases. As used in the present Act, we think it is a reasonable interpretation consonant with common

sense that the words obviously connote "to take part in" or "to be occupied or employed in": Black's Law Dictionary, p. 661 (3rd Ed. 1933).

One final observation may be made. If appellants' contentions are sustained, the result would be that even though a municipality voted against Sunday motion pictures a proprietor of a motion picture house could set at naught the will of the public by operating on Sunday and willingly paying the $50. fine each and every Sunday. He could be assured (under the present contentions) that all other persons associated with the enterprise would be absolved from the possibility of fine or imprisonment. This would be tantamount to decreeing that the legislature intended to establish a $50. license fee for the exhibition of illegal motion pictures on Sunday. Patently, no such result was intended. Moreover, the referendum provisions of the Act would thereby become meaningless and the voice of the electorate effectively muted. This foreseen result is not fanciful or unrealistic for that has been precisely the pattern pursued by the owners of the theatre here involved until effectively prosecuted. Cf. *Commonwealth v. Dattola*, 22 West. 123.

The judgments are affirmed, and the record is remitted to the court below, and it is ordered that defendants appear in the court below at such time as they may there be called, and that they be by that court committed until they have complied with the sentences, or any part thereof, which have not been performed at the time the appeals in this case were made a supersedeas.